[Civ. No. 8427. First Appellate District, Division Two.—September 13, 1932.]

VADA A. ROSE, Respondent, v. TILDEN LUMBER & MILL COMPANY (a Corporation), Appellant.

Ralph H. Wight for Appellant.

Alva S. Sherlock and George T. Barkley for Respondent.

NOURSE, P. J.—Plaintiff sued for an accounting and for damages for the conversion of a note and deed of trust. The cause was tried by the court without a jury and went to judgment for the plaintiff upon the second cause of action. The defendant has appealed upon typewritten transcripts.

Briefly the facts are that plaintiff had placed in defendant's hands the note and trust deed as collateral security for the payment of an independent obligation of a third party to the defendant. This transaction was covered by a collateral agreement under the terms of which defendant was authorized to credit payments made under the note to the independent obligation and was required to return the note and trust deed to plaintiff when that obligation was satisfied. Payments were duly credited under this agreement until July 8, 1930, when the indebtedness of the third party was fully paid. Defendant failed to return the note and deed to plaintiff but commenced an action against this plaintiff upon a separate obligation of plaintiff to defendant. An attempt was made to attach the note and deed but no valid levy was effected. Thereafter defendant obtained judgment against plaintiff, execution was issued, and the trust deed and note

were sold to the defendant under sheriff's sale for the sum of $5. The value of the note and deed, including the sums paid pending the suit and also appropriated by the defendant, was $721.39. For this sum plaintiff had judgment.

Appellant states that the principal question involved was whether there was a conversion, and if so, when did it occur.

■ There was a conversion, which took place immediately upon appellant's assumption of ownership following the payment of the original obligation to secure which the note and deed were deposited with appellant. (21 R. C. L., p. 675; 49 Cor. Jur., p. 971.) ■ The appellant held the deed and note as trustee for respondent and its purchase of this property at the execution sale at a price less than one per cent of its real value was a plain fraud upon the respondent. But this act of fraud did not create in the appellant any new right in the property and did not lessen appellant's liability for its prior act of conversion.

■ The judgment was not excessive in amount as it included the sums unlawfully collected by appellant with the unpaid balance due under the note.

■ Appellant complains that it was not permitted to prove the market value of the note and deed as compared with their face value. The testimony tendered was that of one who was not shown to have been competent to testify on the subject.

The appeal is wholly without merit.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.